UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 NOV -4 PM 2: 45
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| LAURA CARONE d/b/a<br>J & L TRANSPORT,<br><br>    Plaintiff,<br><br>vs.<br><br>KLLM, INC., d/b/a KLLM<br>TRANSPORT SERVICES and<br>ROD LOPEZ, an individual,<br><br>    Defendants. | Civil Action No. CV-03-S-2198-S |

## MEMORANDUM OPINION

This action initially was filed in the Circuit Court of Jefferson County, Alabama, on July 9, 2003. Plaintiff's state court complaint, which arises from a motor vehicle accident, seeks "*property damage value of the vehicle* in the amount of Fifteen Thousand Dollars ($15,000.00)" and "punitive damages as appropriate should the conduct of the defendants be determined to be conduct of a wanton nature."[1] Defendant removed the action to this court on August 6, 2003, pursuant to 28 U.S.C. §§ 1441 and 1332. On August 12, 2003, plaintiff filed a motion to remand, stating that the complaint would be amended to state a demand for punitive damages not to exceed the sum of $59,000. Defendants oppose the motion.

Any civil action instituted in a state court may be removed to a federal forum, provided the district court has original jurisdiction of the controversy. *See, e.g., Tapscott v.*

---

[1] Doc. no. 1 (Notice of removal) (emphasis supplied).

*MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

Removal on the basis of the parties' diversity of citizenship is controlled by 28 U.S.C. §§ 1332, 1441(a). Diversity jurisdiction exists when the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed minimum, presently $75,000. 28 U.S.C. § 1332(a)(1).[2]

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a).

> The foundation for federal court diversity jurisdiction — the power to decide cases between citizens of different states — is Article III of the United States Constitution. *See* U.S. Const. art. III, § 2. However, when Congress created lower federal courts, it limited their diversity jurisdiction to cases in

---

[2] 28 U.S.C. § 1332(a) provides that

district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between —

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

which there was a minimum monetary amount in controversy between the parties. *See Snyder v. Harris*, 394 U.S. 332, 334, 89 S.Ct. 1053, 1056, 22 L.Ed.2d 319 (1969). Today, the threshold amount in controversy for diversity jurisdiction, excluding interests and costs, is $75,000. *See* 28 U.S.C. § 1332. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299-1300 (11th Cir. 2001).

"Jurisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal.*" *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 n.13 (11th Cir. 1994) (emphasis in original) (citations omitted); *see also, e.g., Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1306 n.1 (11th Cir. 2001) (per curiam) ("[T]he question of diversity subject matter jurisdiction is determined on the plaintiff's pleading at the time of removal.") (citing *Pullman v. Jenkins*, 305 U.S. 534, 537, 59 S. Ct. 347, 83 L. Ed. 334 (1939)); *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983) ("Removability should be determined 'according to the plaintiff's pleading at the time of the petition for removal.'") (citations omitted); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989) (same).

When a plaintiff "fails to specify *the total amount* of damages demanded" in a state court complaint — either by demanding a specific sum in compensatory damages, but an indefinite amount as punitive damages, or by not designating any amounts at all (*e.g.*, "compensatory and punitive damages in such amounts as the jury may award") — then "a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002) (emphasis supplied) (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996)

("[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement."), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)).[3]

The ambiguity of the total amount demanded as damages in a state court action assumes a paramount importance in removal proceedings, because the jurisdiction of federal courts is limited: district courts have only the power to hear and determine those cases and controversies authorized by the Constitution or Congress. *See, e.g., Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* at 377, 114 S. Ct. at 1675 (citation omitted); *see also Tapscott,* 77 F.3d at 1356.

In light of such principles, the Eleventh Circuit favors remand when removal jurisdiction is not absolutely clear. In essence, "removal statutes are to be strictly construed, with all doubts resolved in favor of remand." *Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *see also Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

---

[3] *See also, e.g., Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001); *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); *Fuller v. Exxon Corp.*, 78 F. Supp. 2d 1289, 1298 (S.D. Ala. 1999); *Employers Mutual Casualty Co.*, 76 F. Supp. 2d at 1259-60; *Lowe's OK'd Used Cars, Inc.*, 995 F. Supp. at 1389; *Bolling v. Union National Life Insurance Co.*, 900 F. Supp. 400, 404 (M.D. Ala. 1995) (relying on decisions from the Fifth, Sixth and Ninth Circuits).

Here, the *ad damnum* clause in plaintiff's complaint specified only the amount of compensatory damages sought; the punitive damages were unspecified. Thus, plaintiff's claim for damages is ambiguous. Plaintiff's motion to remand states that she "would . . . agree to limit any punitive damages in the case to $59,000.00," and indicates the intention to file an amended complaint stating a demand for punitive damages in that amount, for a total sum sought of $74,000 — *i.e.*, a sum less than this court's jurisdictional amount.

Defendants contend that plaintiff's proposed amended complaint should not be considered when assessing whether this court has subject matter jurisdiction, since jurisdiction must be evaluated as of the time of removal. The court, however, views the proposed amended complaint as an attempt by plaintiff to clarify the amount of damages sought when the suit was filed, rather than as an attempt to divest the court of jurisdiction. Even so, the proposed amendment alone is insufficient to establish that this action does not meet the court's jurisdictional prerequisite.

In consideration of plaintiff's statement in the motion to remand that the punitive damages sought are no more than $59,000, however, plaintiff will be provided the opportunity to supplement the record with an affidavit confirming that fact. Other district courts within this judicial circuit have followed a similar approach when reviewing post-removal submissions by plaintiffs. For example in *Taylor v. Campbell*, 852 F. Supp. 978 (M.D. Ala. 1994), the court construed a plaintiff's affidavit that he did not wish to seek more than $50,000 (then the jurisdictional amount) "as an indication that he actually intended to

claim only a total of $48,000 when the suit was originally filed, rather than as an attempt to reduce the amount claimed." *Id.* at 979. Finding that the plaintiff's affidavit alone was insufficient to satisfy the court to a legal certainty that he could not recover more than the jurisdictional amount, the court provided the plaintiff an opportunity to file a supplemental affidavit, confirming that his claim for damages in the amount of $48,000 was consistent with the amount he intended to claim in his complaint, and not an amendment reducing the amount claimed.

Likewise, in *Brooks v. Pre-Paid Legal Services, Inc.*, 153 F. Supp. 2d 1299 (M.D. Ala. 2001), shortly following removal of the action, plaintiffs filed an affidavit stating that they did not intend to seek recovery of more than $74,500 when they filed their complaint, they would not claim or accept more than $74,500, and they would agree to a court order capping their damages at $74,500. *Id.* at 1300. The court remarked that "other courts have routinely given effect to binding post-removal stipulations." *Id.* (citing *Grubbs v. Pioneer Housing, Inc.*, 75 F. Supp. 2d 1323, 1327 (M.D. Ala. 1999); *Moore v. Toyota Motor Corp.*, 64 F. Supp. 2d 612, 614 (N.D. Miss. 1999); *McGhee v. Allstate Indemnity Co.*, 928 F. Supp. 1102, 1104 (M.D. Ala. 1996); *Adkins v. Gibson*, 906 F. Supp. 345, 347 (S.D. W. Va. 1995); *Taylor*, 852 F. Supp. at 980)). The court also observed that other courts had retained cases even where the plaintiff had limited the damages sought, based on concerns that such limitations might be inconsistent with the Supreme Court's holding in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 290, 58 S. Ct. 586, 590-91, 82 L. Ed. 845

(1938), that jurisdiction is to be determined at the moment of filing, and because limiting damages following removal may lead to forum shopping. *Brooks*, 153 F. Supp. 2d at 1301. The court rejected those concerns as unfounded under the circumstances, and further observed that:

> four bedrock principles of federal jurisdiction require courts to effectuate post-removal stipulations. First, federal courts are tribunals of limited jurisdiction. Second, the diversity statute is strictly construed because of the significant federalism concerns raised by federal courts passing on matters of state law. Third, a plaintiff is the master of her complaint, and a plaintiff suing diverse defendants can avoid federal court by limiting her prayer for damages to less than $75,000. Fourth, a plaintiff is charged with knowledge of her complaint, and the amount of damages that she seeks. *See Gardner v. Allstate Indem. Co.*, 147 F. Supp. 2d 1257, 1264 (M.D. Ala. 2001). None of these interests are furthered when a federal court keeps a diversity case because of some doctrinaire reading of judicial dicta that is divorced from congressional will and any legitimate policy interests.

*Brooks*, 153 F. Supp. 2d at 1301-02. The court found plaintiffs' affidavit sufficient to establish that they sought less than $75,000 in damages when they filed the complaint, and remanded the action to state court.

Accordingly, in view of plaintiff's intention expressed in the motion to remand to limit punitive damages sought in this action to $59,000, plaintiff will be afforded the opportunity to file an affidavit confirming that intention, in accordance with the order entered contemporaneously herewith.

DONE this 4th day of November, 2003.

_____
United States District Judge